## Appeal of RATEAU, BATTU, SMOOT CO.    Docket No. 343.

No appeal lies to this Board from a decision by the Commissioner which does not constitute a determination of a deficiency.

Submitted December 17, 1924; decided January 16, 1925.

*Mr. L. P. Leonce Battu*, President, for the taxpayer.

*J. A. Adams, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

The following letter was sent to the taxpayer by the Commissioner on June 24, 1924:

Reference is made to recommendation No. 8599 from the committee on appeals and review in which the action of the unit in denying your claim for classification as a personal service corporation under the provisions of section 200

of the Revenue Act of 1918 has been sustained. A copy of this recommendation has been furnished you.

In accordance with the provisions of section 274 of the Revenue Act of 1924 you are allowed 60 days from the date of this letter within which to file an appeal to the Board of Tax Appeals contesting in whole or in part the correctness of this determination.

In correspondence relative to this case reference should be made to the symbols IT : CA : 2112–5.

The taxpayer filed this appeal and the Commissioner moved to dismiss the petition upon the ground that the decision set forth in the letter was not appealable, this Board having no jurisdiction over it.

### DECISION.

The appeal is dismissed.

### OPINION

IVINS: The taxpayer can hardly be blamed for believing that it had a right to appeal from a decision which contained very specific language advising it that it had such a right, but the second paragraph of the letter appealed from must have been included therein by mistake or under misapprehension and it can not have the effect of giving jurisdiction to this Board if the Board did not have jurisdiction in its absence.

The first paragraph of the letter advises the taxpayer that a recommendation of the Committee on Appeals and Review denying the taxpayer's claim for classification as a personal service corporation has been sustained by the Commissioner. This recommendation may have been made in connection with an appeal under section 250(d) of the Revenue Act of 1921, with a claim for abatement, or with a claim for refund or credit—we do not know which, nor do we know whether the effect of the Commissioner's ruling results in any increased tax against the taxpayer.

The jurisdiction of this Board is limited to the review of determinations by the Commissioner that a deficiency exists (Revenue Act of 1924, sec. 274), and determinations by the Commissioner that an assessment should be made (id. sec. 280). The letter from which the taxpayer appeals does not come within either of these categories, and there is nothing in the record to show that the Commissioner has since the enactment of the Revenue Act of 1924 determined a deficiency against the taxpayer or determined that an assessment should be made. There being nothing before us over which we can take jurisdiction, the appeal must be dismissed. (See *Appeal of Office of Winthrop Ames, Inc.*, 1 B. T. A., 63.)